IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                                  *
UNITED STATES OF AMERICA
                                  *
     Plaintiff,                   *
v.                                *     CIVIL NO.: WDQ-05-00745

ALL FUNDS AND PROPERTY IN         *
PNC BANK ACCOUNT NUMBERS
8023816746 AND 8023819664         *

     Defendant.                   *

*    *    *    *    *    *    *
EUN SOOK LEE
                                  *
     Claimant.                    *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

Pursuant to 28 U.S.C. §§ 1345 and 1355, the United States of America brought this action seeking forfeiture of bank accounts jointly owned by Eun Sook Lee and Sung Yul Kim. Pending is Lee's motion to dismiss for failure to state a claim.  For the following reasons, Lee's motion to dismiss will be denied.

BACKGROUND

Eun Sook Lee and Sung Yul Kim are the account holders of PNC Bank checking account number 8023816746 and PNC Bank savings account number 8023819664, located in the state of New

1

Jersey (the "PNC Accounts").  *See* Complaint at ¶3.  On February
27, 2004, agents for the U.S. Department of Homeland Security
("Homeland Security") seized the PNC Accounts and they remain in
their custody.  *See id.* at ¶¶4-5.  The PNC Accounts were seized
because of Homeland Security's belief that they were "involved
in, or are traceable to, money laundering transactions of the
proceeds of importing and harboring of certain aliens."  *See id.*
at ¶6.[1]

Kim owns Oriental Spa, a massage salon, located in
Howard County, Maryland.  *See id.* at Exh. A, pp. 4,7.  Oriental
Spa was investigated for prostitution.  *See id.* at p. 4.  Kim's
employees, illegal female aliens, are allegedly involved.  *See
id.* at pp. 5,7.  Affidavits submitted to obtain seizure warrants
contain allegations that a spa customer admitted that he paid
for sex, *See id.* at Exh. B, p. 4, and that Kim admitted to
leading a prostitution ring.  *See id.* at Exh. A, p.7.  Kim
stated that he had "been to a warehouse in Indonesia that held
hundreds of people waiting for documents to travel illegally to
the United States....[and] that most of the women were brought
into the U.S. to engage in prostitution." *See id.* at Exh. A, p.

---

[1]Two other PNC accounts held solely in Kim's name were
also seized.  *See id.* at Exh. B, p. 6. They are the subject of
another action before this Court, Civ. No. WDQ 04-02249.

12.

    According to Senior Special Agent Ramey, Asian massage spas often hide their prostitution activity by conducting it in connection with legitimate massage activities.  *See id.* at p. 11.  Generally, the cost of the prostitution activity is paid and is disguised in various ways, but is commonly referred to as a "tip".  *See id.* During its investigation, the Government examined Oriental Spa's business bank account records (the "BB&T Account").  Its investigation showed numerous and continuous deposits.  *See id.* at pp.11-12.[2] The BB&T Account records also indicate that Kim deposited funds into several of his PNC accounts. *See id.* at Exh. B,  pp. 3-4.

    On February 26, 2004, Lee, an illegal alien employed by Kim, was arrested for immigration violations.  *See id.* at Exh. B, p.4.  At the time of her arrest, the Government found bank records for the PNC Accounts. *See id.* at p.5.  In January 2004, a <u>total</u> of $16,5000 in cash deposits was made to both PNC Accounts.  *See id.* at p. 5. The Government also discovered that Kim procured false identification documents for Lee and used these documents to establish the PNC Accounts.  *See id.*

    On March 15, 2005, the Government filed this suit.

---

    [2]On February 25, 2004, Homeland Security obtained a warrant for the seizure of Oriental Spa's business account at BB&T Bank located in Elkridge, Maryland.  *See id.* at Exh. A, p.13.

ANALYSIS

A.   Motion to Dismiss

    1.   Standard of Review

      A Fed.R.Civ.P. 12 (b)(6) motion to dismiss should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), *(citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).  All allegations are treated as true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Raj Matkari*, et. al., 7 F.3d 1130, 1134 (4th Cir. 1993). If any possible basis for relief has been pled, the Court must deny the motion to dismiss. *Garland v. St. Louis*, 596 F.2d 784 (8th Cir. 1979), *cert. denied*, 444 U.S. 899 (1979); *Swierkiewicz*, 534 U.S. at 514.

      In deciding a Rule 12(b)(6) motion, the Court will consider the facts stated in the complaint and any attached documents. *Biospherics, Inc., v. Forbes, Inc.*, 989 F.Supp. 748, 749 (D. Md. 1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998)). The Court may also consider documents referred to in the complaint and relied upon by plaintiff in bringing the action.  *Id*.

    2.   Forfeiture of the PNC Accounts

      Currency involved in, or traceable to, money laundering

4

transactions of importing and harboring of illegal aliens for immoral purposes such as prostitution is subject to Government seizure.  *See* 18 U.S.C. §§ 1956, 1957 and 18 U.S.C. § 981(a)(1)(A).  A civil forfeiture complaint against property allegedly connected to illegal activity must meet the particularity pleading requirement of F.R.C.P. Supplemental Rule E(2)(a).  *See U.S. v. Mondragon*, 313 F.3d 862, 864 (4th Cir. 2002).  Rule E(2)(a) provides in pertinent part:

> "....the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading."

*See id.*

Rule E(2)(a) also requires a complaint to allege sufficient facts to support a reasonable belief that the property is subject to forfeiture.  *See id.* at 865-66.  The complaint must, therefore, allege a "substantial connection" between the seized property and the underlying illegal activity."  *United States v. One 1999 Porsche Carrera*, 807 F.Supp. 371, 373 (D. Md. 1992).

Lee contends that the Government's complaint should be dismissed, because the Government has not established a substantial connection between the PNC Accounts and illegal activity.  *See* Def. Mot. Dism. at p. 7.  Lee's argument is

unpersuasive, because Lee concedes that the Government established a "substantial connection" between the accounts held solely in Kim's name and illegal activity. *See id.*

The Complaint sets forth sufficient allegations of Kim's involvement in the importation of illegal aliens and prostitution. The Complaint also details the manner in which Kim's bank accounts were commingled with funds from legitimate spa services and prostitution services. The Government, therefore, is afforded the inference that if Kim used his other accounts for illegal activity, the PNC Accounts were similarly used. *See U.S. v. 630 Ardmore Drive*, 178 F.Supp. 572, 582 (M.D.N.C. 2001)(finding Government's assertion that alleged drug dealer's property was used to facilitate drug business was reasonable because of his alleged practice of using his other properties for such purpose).

In further support of the Government's claim, Kim allegedly obtained false identification for Lee and used such identification to establish the PNC Accounts. It is reasonable to conclude that accounts created with false documentation are linked to illegal activity. Furthermore, it is suspicious that the PNC Accounts were established in New Jersey, but Lee works and resides in Maryland. Lastly, Lee and Kim's employee/employer relationship raises questions as to why they would establish joint bank accounts.

Although the PNC Accounts may be unconnected to any

illegal activity, the allegations support a reasonable belief that the accounts are subject to forfeiture.  As the Complaint states the circumstances giving rise to the forfeiture claim with  sufficient  particularity  that  Lee  could  commence meaningful investigation of the facts and draft a responsive pleading,  Lee's motion to dismiss will be denied.

CONCLUSION

For the reasons discussed above, Lee's motion to dismiss will be denied.

| July 27, 2005 | _____/s/_____ |
|---|---|
| Date | William D. Quarles, Jr. |
| | United States District Judge |