```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
                    Northern Division

UNITED STATES OF AMERICA,        *
            Plaintiff,           *
                                 *
       v.                        *
                                 *
ALL OF THE FUNDS AND PROPERTY    * Civil No. WDQ-05-745
IN TWO ACCOUNTS AT PNC BANK      *
(EUN SOOK LEE),                  *
            Defendant,           *
                                 *
       and                       *
                                 *
EUN SOOK LEE,                    *
            Claimant.            *
                                 *
                   ...ooo0ooo...
```

## GOVERNMENT'S MOTION TO STRIKE CLAIM

The United States of America, through undersigned counsel, hereby moves the Court for an order striking the claim of Eun Sook Lee on the ground that the claimant failed to file an Answer and failed to answer discovery.

## Introduction

The defendant property consists of funds and property contained in two accounts: PNC Bank checking account number 8023816746, and in PNC Bank savings account number 8023819664. Bank records indicate that the account holders of these two accounts are Sung Yul Kim and Eun Sook Lee.

On or about March 15, 2005, the government initiated this civil forfeiture action by filing a Verified Complaint for Forfeiture that named the two PNC accounts as the in rem defendant.

A copy of the complaint was served by mail upon counsel for Eun Sook Lee pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims (the Admiralty Rules) and pursuant to 18 U.S.C. section 983.

On or about April 26, 2005, government counsel received a copy of what appears to be a Verified Claim filed by counsel on behalf of Eun Sook Lee, that alleged, under oath, in accordance with Supplemental Rule C(6)(a)(ii) that she had authorized him to do so.[1]  On May 13th, the claimant filed a motion to dismiss the complaint, alleging that it fails to state a claim upon which relief can be granted.  By Memorandum Opinion and Order dated July 27th, the Court denied the motion.

Since then, the claimant has filed nothing and served nothing upon the government.  The claimant is required to file an Answer within 20 days after filing the claim and is also required to serve answers to interrogatories with the Answer.  Because the claimant has done neither and has refused to participate in discovery, the claim should be stricken so that judgment by default can be entered in favor of the government.

## **Argument**

Rule C(6) of the Supplemental Rules for Certain Admiralty and

---

[1]     This information about the claim is based on a copy mailed to government counsel. However, the court docket entries indicate the filing of a motion for return of property, rather than a claim.  If no claim was filed, then this motion is moot and the Court can enter the default judgment without further action.

Maritime Claims sets forth the requirements of a valid forfeiture claim as follows:

> In an in rem forfeiture action for violation of a federal statute: ... (iii) a person who files a statement of interest in or right against the property <u>must serve and file an answer within 20 days after filing the statement</u>.

F.R.Civ.P. Supp., Rule C(6)(a)(emphasis supplied). Consistent with Rule C(6), 18 U.S.C. section 983(a)(4)(B) provides as follows:

> A person asserting an interest in seized property ... <u>shall file an answer</u> to the Government's complaint for forfeiture <u>not later than 20 days after the date of the filing of the claim</u>.

(emphasis supplied). Thus, both Rule C(6) and section 983 require the filing of an Answer within 20 days after the claim is filed.

Here, as is mentioned above, Eun Sook Lee filed something that may have been her claim on April 26th. The Answer, according to these rules, was due to be served and filed no later than May 16th. Her Motion to Dismiss was filed on May 13th. Assuming that the motion tolled the 20-day clock on the Answer, that tolling period expired when the motion was denied on July 27th. Consequently, the claimant was required to file the Answer at least by August 1st. In any case, as of October 21st, no Answer has been filed.

The claimant's failure to file an answer deprives her of standing. In <u>United States v. Ford 250 Pickup 1990</u>, 980 F.2d 1242 1242-44 (8th Cir. 1993), a case that is on all fours with the instant case, the claimant filed a certified claim indicating an interest in the subject property, but failed to file an answer in

a timely fashion.  Several months after filing the certified claim, and well after the twenty-day deadline for filing the answer had passed, the claimant filed a motion for leave of court to file an answer and submitted an untimely answer.  Id.  The district court denied the motion to file the answer, and ordered the clerk of the court to strike the answer as untimely and enter a default.  Id.

The Eighth Circuit Court of Appeals affirmed, holding that "a district court does not abuse its discretion by requiring strict compliance with Supplemental Rule C(6)."  Id. at 1245.  The Court stated that "the Rule's requirement that both a claim and an answer be filed is 'plain and unambiguous'"  Id.  It held that "strict compliance with the rule requires both a claim and an answer.  The district court did not abuse its discretion in holding that [the claimant] had failed to strictly comply with the requirements of Rule C(6)."  Id.

Similarly, in United States v. Commodity Account No. 549 54930 At Saul Stone & Company, 219 F.3d 595, 595-97 (7th Cir. 2000), the district court granted the government's motion for summary judgment because the claimant had filed an unverified, rather than a verified, claim and had failed to file an answer.  The Seventh Circuit affirmed, holding that "it was proper for the district court to insist on strict compliance with Rule C(6) to establish standing...."  Id. at 597.

4

Here, as in <u>Ford 250 Pickup 1990</u> and <u>Commodity Account No. 549 54930 At Saul Stone & Company</u>, the claimant has failed to strictly comply with the requirements of Rule C(6).  Her failure to file an Answer deprives her of standing to continue to defend the forfeiture.  Accordingly, the government respectfully requests that this court strike the claim of Eun Sook Lee.

In addition to the failure to file an Answer, the claimant has not provided discovery responses.  Rule C(6)(c) provides as follows:

> Interrogatories may be served with the complaint in an in rem action without leave of court.  Answers to the interrogatories must be served with the answer to the complaint.

The government served interrogatories and document requests with the Verified Complaint.  A copy of the notice of discovery is annexed hereto as **Exhibit A**.  The government has received <u>no discovery responses</u>, which were subject to the same time limitations as the Answer.  Thus, the discovery responses should have been served no later than August 1st.

A claimant's failure to provide answers to interrogatories deprives the claimant of standing to contest the forfeiture.  <u>United States v. $24,170</u>, 147 F.R.D. 18, 21 (E.D.N.Y. 1993).  The proper response to a failure to answer interrogatories is to strike the claim.  <u>Id</u>. at 22(striking <u>both</u> the claim and Answer).

Despite the lack of an Answer and responses to interrogatories, the government still attempted to advance the

litigation of this case by scheduling the deposition of Eun Sook Lee.  Despite two such attempts, counsel for the claimant failed to provide a date that his client would be made available for a deposition.  A copy of the letter expressing the frustration of government counsel's attempts to move this case forward is annexed hereto as **Exhibit B.**   The continued failure to provide any discovery or to participate in a deposition demonstrates the claimant's general unwillingness to pursue her claim to the defendant property.  Consequently, in general terms of fairness, the claim should be stricken, so that the case can be concluded.  See United States v. $49,000, 330 F.3d 371 (5th Cir. 2003); Empire Blue Cross an Blue Shield v. Finkelstein, 111 F.3d 278, 281 (2nd Cir. 1997); United States v. $1,322,242.58, 938 F.2d 433 (3rd Cir. 1991).

<u>Conclusion</u>

For the forgoing reasons, the government respectfully requests that the claim be stricken so that a default judgment can be entered in favor of the government.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney


        //s//
_____
Richard C. Kay
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201

6

### CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2005, a copy of the forgoing Government's Motion to Strike Claim was sent to:

John P. Pierce, Esquire
4641 Montgomery Avenue
Suite 500
Bethesda, Maryland 20814


                                        //s//
                                     Richard C. Kay
                                     Assistant United States Attorney